RENDERED: APRIL 9, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1874-DG

ARIEL CHILLERS                                                                    APPELLANT

ON REVIEW FROM JEFFERSON CIRCUIT COURT
v.              HONORABLE ANGELA MCCORMICK BISIG, JUDGE
ACTION NO. 19-XX-000004

COMMONWEALTH OF KENTUCKY                                            APPELLEE

OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE: ACREE, DIXON, AND K. THOMPSON, JUDGES.

ACREE, JUDGE: Ariel Chillers appeals the Jefferson Circuit Court's order

affirming the Jefferson District Court's restitution order. She believes both the

circuit court and the district court erred by ordering her to pay restitution for stolen

items when she only pleaded guilty to criminal trespass. We find the circuit court

and the district court abused their discretion and reverse and remand for findings

consistent with this Opinion.

# BACKGROUND

Alexander Jones is the homeowner of 8211 Candleglow Lane. While renovating the house, Jones left the house vacant. On March 16, 2018, he was working on the house, but left around 4:00 p.m. He returned the next day around noon to find the doors boarded up. Jones had to enter his house via a window. Once inside, he found an air mattress, human waste in a bucket, and missing tools. Early the next morning, Jones returned with a security guard to find Ariel Chillers and Trenton Baucom in his home. When the police arrived, Chillers and Baucom were arrested for second-degree burglary.

Officer Livers, the officer on scene, testified at the probable cause hearing. He stated he searched both Chillers and Baucom but did not find anything on them. He went on to say, "I had no proof that they took any of the tools, so I told [Jones] that he could contact our tool report system and get a report through them for the other items because we didn't know who took those." (Video Record 12/19/2018, 1:34:25-1:34:37). Ultimately, the trial court found probable cause for third-degree burglary and referred the case to the grand jury. However, the grand jury did not indict on burglary. Instead, it returned the case to the trial court for first-degree criminal trespass and third-degree criminal mischief. No theft charges were added.

Both Chillers and Baucom pleaded guilty to the new charges. In exchange for Chillers' testimony, she received a sentence of one year, conditionally discharged for two years. Her case file noted "restitution reserved." Two months later, over Chillers' objection, the Commonwealth moved for a restitution hearing.

At the restitution hearing, Jones testified and sought restitution for ten items that were stolen from his property, as well as some door trim damage. Both Chillers and Baucom denied stealing Jones' property. Upon close of evidence, the trial court found Jones' testimony credible and ordered Chillers and Baucom to pay restitution for nine of the ten items Jones claimed were stolen.

Chillers appealed to the circuit court which affirmed the trial court stating, "while the Court understands Chillers' argument that property damage does not necessarily flow from a guilty plea to a criminal trespass, the trial judge listened to evidence and in its discretion found that the alleged damages were the result of the defendant's conduct." This Court then granted Chillers' request for discretionary review.

## ANALYSIS

The issue before this Court is whether a trial court can order restitution for damages not incurred as a direct result of the specific criminal act of which a defendant has been convicted. Specifically, in this case we must

determine whether the trial court abused its discretion by ordering Chillers to reimburse Jones for stolen items when the only crime to which she pleaded guilty was criminal trespass. "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Goodyear Tire & Rubber Co. v. Thompson*, 11 S.W.3d 575, 581 (Ky. 2000) (citing *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999)). Insofar as this case requires this Court to construe statutory provisions, we do so *de novo. Bob Hook Chevrolet Isuzu, Inc. v. Commonwealth Transp. Cabinet*, 983 S.W.2d 488, 490-91 (Ky. 1998).

There are two statutory provisions relevant to this discussion. First, KRS[1] 533.030 discusses when a trial court is required to order restitution and provides, in pertinent part:

> When imposing a sentence of probation or conditional discharge in a case where a victim of a crime has suffered monetary damage as a result of the crime due to his property having been converted, stolen, or unlawfully obtained, or its value substantially decreased as a result of the crime, or where the victim suffered actual medical expenses, direct out-of-pocket losses, or loss of earning as a direct result of the crime . . . the court *shall* order the defendant to make restitution in addition to any other penalty provided for the commission of the offense.

KRS 533.030(3) (emphasis added).

---

[1] Kentucky Revised Statutes.

Second, KRS 532.350(1)(a) defines "[r]estitution" as "any form of compensation paid by a convicted person to a victim for counseling, medical expenses, lost wages due to injury, or property damage and other expenses suffered by a victim because of a criminal act[.]" Because restitution provisions are remedial in nature, they "should be liberally construed in favor of their remedial purpose." *Workforce Dev. Cabinet v. Gaines*, 276 S.W.3d 789, 792 (Ky. 2008) (citing *Kentucky Ins. Guar. Ass'n v. Jeffers ex rel. Jeffers*, 13 S.W.3d 606, 611 (Ky. 2000)).

Strictly construing the restitution provisions recited above would only require a trial court to order restitution for losses incurred from a defendant's illegal conduct for which he was adjudicated guilty. In this case, Chillers was adjudicated guilty of criminal trespass. Thus, strictly construed, the restitution provisions would not permit the trial court to order restitution for proceeds flowing from missing personal property, the loss of which has not been adjudicated as attributable to the criminal trespass. However, restitution for damage done to the property flowing from criminal trespass would be recoverable.

Therefore, we must reverse and remand to the trial court to evaluate what property damage was done to Jones' house because of criminal trespass. Only damage done from Chillers' criminal trespass conduct may be recovered in restitution.

ALL CONCUR.


BRIEFS FOR APPELLANT:        BRIEF FOR APPELLEE:

Joshua M. Reho             Daniel Cameron
Louisville, Kentucky       Attorney General of Kentucky

                                 David A. Sexton
                                 Assistant Attorney General
                                 Louisville, Kentucky